IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 5:11cr18/RS/EMT
5:12cv215/RS/EMT

RICHARD SAMUEL CRUDGINGTON

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 57). The Government has filed a response (doc. 61) and Defendant has not filed a reply, despite having been afforded the opportunity to do so (doc. 62). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b) of the Rules Governing Section 2255 Cases.

## **PROCEDURAL BACKGROUND**[1]

Defendant pleaded guilty as charged to a three-count indictment charging him with one count of dealing in firearms without a license and two counts of selling a firearm or ammunition to a person he knew to be a convicted felon (doc. 13–15, 45). He was sentenced at the low end of the applicable guidelines range to concurrent terms of 30-months imprisonment on each count (docs.

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Presentence Investigation Report (doc. 20) and the Eleventh Circuit's opinion on appeal, and will be set forth herein only as necessary for the court's consideration of the claim raised in the instant motion.

22, 46).  The Eleventh Circuit affirmed on April 11, 2012 (doc. 54), and the instant motion was timely filed pursuant to the prison mailbox rule on June 21, 2012 (doc. 57 at 5).[2]  Defendant raises a single ground for relief in his motion.  He contends that counsel was constituionally ineffective because he failed to inquire as to the status of Defendant's substantial assistance motion at sentencing.  The Government opposes Defendant's motion.

## LEGAL ANALYSIS

General Standard of Review

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been

---

[2] Bureau of Prisons records indicate that Defendant was released on January 27, 2014.  *See* www.bop.gov/inmateloc/.  Defendant has not updated his address with the court.  The court notes that although Defendant is no longer incarcerated this case is not moot.  Once attached, federal jurisdiction is not automatically defeated by the release of a defendant before the section 2255 motion is resolved.  *See* Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  For instance, if a defendant is serving a term of supervised release, he is still subject to restrictions on his liberty which could be affected if he prevails in an action challenging his conviction and sentence.  *See* Dawson v. Scott, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (citing Jago v. Van Curen, 454 U.S. 14, 21 n.3 (1981) (per curiam); United States v. Eske, 925 F.2d 205, 206 n.2 (7th Cir.1991)); Cleckler v. United States, 410 F. App'x 279 (11th Cir. 2011) (citing Dawson).  Defendant's sentence in this case included a three-year term of supervised release (*see* doc. 22), and as such the instant motion is not moot.

Case Nos.: 5:11cr18/RS/EMT; 5:12cv215/RS/EMT

different.  Strickland, 466 U.S. at 694.  In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  Id. at 203.

Ground One

Defendant contends that, pursuant to the terms of his plea agreement, the Government was obligated to file a substantial assistance motion if Defendant cooperated with the Government (*see* doc. 13).  He claims that counsel was constitutionally ineffective for not "inquiring as to the status of" this motion at sentencing in light of the fact that Defendant did in fact provide substantial assistance in accordance with the plea and cooperation agreement.

Defendant's plea agreement stated that "[i]f, in the sole discretion of the United States Attorney, the Defendant is deemed to have provided substantial assistance in the investigation or prosecution of others . . .  [t]he United States will file a substantial assistance motion" (doc. 13 at 6).  Defendant stated under oath that the plea and cooperation agreement represented his complete agreement with the Government and that there were no secret or undisclosed promises (doc. 45 at 12–13).

At sentencing, the Government told the court that although Defendant had immediately accepted responsibility for his actions and indicated his intent to plead guilty, Defendant did not qualify for a 5K motion because he did not "know anybody else in the business" (doc. 46 at 15).  The Government now states that counsel's performance was neither negligent nor unreasonable as no inquiry from counsel would have changed its position as to whether a substantial assistance motion was warranted.

The decision to file a 5K1 motion is a matter of prosecutorial discretion.  United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000); United States v. Orozco, 160 F.3d 1309, 1315 (11th Cir. 1998); United States v. Forney, 9 F.3d 1492, 1501 (11th Cir. 1993).  The government has a power, not a duty, to file such a motion when a defendant has substantially assisted.  Wade v. United States, 504 U.S. 181, 185 (1992) (analyzing substantial assistance motions under § 5K1.1 and 18 U.S.C.

§ 3553(e)); United States v. Dorsey, 554 F.3d 958, 960–61 (11th Cir. 2009) (quoting Forney, 9 F.3d at 1500); *see also* United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying Wade to Rule 35(b) motions). Even plea agreements that require the government to consider whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion. Forney, 9 F.3d at 1499–1500. Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion. Wade, 504 U.S. at 185–86; Dorsey, 554 F.3d at 961; Nealy, 232 F.3d at 831. A defendant who merely claims to have provided substantial assistance, as Defendant claims in this case, or who makes only generalized allegations of an improper motive, is not entitled to a remedy or even to an evidentiary hearing. Wade, 504 U.S. at 186. Judicial review is appropriate only "when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." Dorsey, 554 F.3d at 961 (quoting Forney, 9 F.3d at 1502).

Filing of a certification of substantial assistance generally signifies that a defendant's assistance has yielded actual, useful results, not merely that the defendant made a substantial good faith effort in his or her attempts to assist. *See* United States v. Gonsalves, 121 F.3d 1416, 1419 (11th Cir. 1997) (citation omitted). "The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." Orozco, 160 F.3d at 1315. A defendant's disappointment that his or her cooperation did not rise to the level of substantial assistance, which appears to be the situation in this case, does not alone warrant a finding that the motion should have been filed. Thus, Defendant has not shown through his conclusory assertions about his cooperation that counsel was constitutionally ineffective for his failure to inquire further into the Government's decision not to file a substantial assistance motion. The § 2255 motion should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy

the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 57) be **DENIED**.
2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 10th day of October 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 5:11cr18/RS/EMT; 5:12cv215/RS/EMT